UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 16-110

LOUELLA GIVENS                              SECTION "A" (1)

**ORDER AND REASONS**

Before the Court is a **Motion to Vacate Sentence (Rec. Doc. 214)** pursuant to 28 U.S.C. § 2255 filed by the Defendant Louella Givens. The Government opposes the motion. (Rec. Doc. 219). For the following reasons, the motion is denied.

I.    **BACKGROUND**

On June 16, 2015, Givens was charged via a criminal complaint with: (1) conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349, (2) health care fraud in violation of 18 U.S.C. § 1347, and (3) violating the Anti-Kickback Statute in violation of 42 U.S.C. § 1320a-7b. (Rec. Doc. 1, p.1, Criminal Complaint). Givens then pled guilty on August 16, 2017 to count two of the Complaint, (Rec. Doc. 107, Plea Agreement). At her sentencing, the Court granted Givens' request for a downward variance and sentenced her to an imprisonment term of 18 months, even though the sentencing guidelines for this offense ranged between 46 to 57 months. (Rec. Doc. 141, Judgment).

Givens attempted to file her § 2255 motion in the Fifth Circuit Court of Appeals on December 10, 2018, but the Clerk of Court informed her that it did not accept § 2255 motions "except in rare exceptions not relevant to your case." (Rec. Doc. 214, p. 21-22, Givens' Letter). Although the Fifth Circuit instructed her to file her motion in "the district court [that] issued final judgment in [her] case," she did not file her motion in the Eastern District of Louisiana until January 22, 2020, over one year later. *Id*. Givens was released from BOP

custody on January 24, 2020, and she is currently on supervised released.[1] (Rec. Doc. 219, p. 5, Government's Opposition). The Court will now address the merits of Givens' Motion to Vacate.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the court that imposed her sentence to vacate, set aside, or correct the sentence. "Section 2255 provides the primary means of collateral attack on a federal sentence [and] [r]elief under this section is warranted for any error that 'occurred at or prior to sentencing.'" *Cox v. Warden, Federal Detention Ctr.,* 911 F.2d 1111, 1113 (5th Cir.1990) (quoting *United States v. Flores,* 616 F.2d 840, 842 (5th Cir.1980)). Section 2255(f) provides that a one year statute of limitations applies to § 2255 motions. The limitations period runs from the latest of—

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As to subsection 1, if the petitioner did not file an effective notice of appeal, her conviction becomes final upon the expiration of the period for filing a notice of direct appeal. *United States v. Plascencia*, 537 F.3d 385 (5th Cir.2008). Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure provides that a defendant in a criminal case must file a notice of

---

[1] Although Givens has been released from BOP custody, she is still on supervised release and thus satisfies the "custodial" requirement for filing a 2255 petition. *See Jones v. Cunningham*, 371 U.S. 236, 240-43 (1963); *Pack v. Yusuff*, 218 F.3d 448, 454 n.5 (5th Cir. 2000).

appeal within 14 days after the later of the entry of either the judgment or order being appealed or the government's notice of appeal.

Givens was sentenced on November 28, 2017, and no appeal was filed. Thus, her conviction became final on December 12, 2017. As noted above, the Fifth Circuit received Givens' incorrectly filed § 2255 motion on December 10, 2018, and she did not correctly file her motion in the Eastern District of Louisiana until January 22, 2020. Thus, Givens' motion is untimely under § 2255(f)(1).

Further, Givens is not entitled to equitable tolling. A movant under § 2255 is "entitled to equitable tolling only if [s]he shows (1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstances stood in [her] way and prevented timely filing." *United States v. Jackson*, 470 Fed. Appx. 324 (5th Cir. 2012) (citations and quotations omitted). This standard requires "reasonable diligence, not maximum feasible diligence." *Id*. (citations and quotations omitted). "Equitable tolling is permissible only in rare exceptional circumstances," and is not extended "to instances of excusable neglect." *Id*. (citations and quotations omitted). "[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

Here, Givens has not provided any information that would justify equitable tolling. There is no evidence that she was reasonably diligent in pursuing her rights. She also waited over a year to correctly file her § 2255 motion after incorrectly filing it in the Fifth Circuit. Further, the Fifth Circuit has recognized that neither filling in the wrong court, *United States v. Kirkham*, 367 F. App'x 539, 543 (5th Cir. 2010), nor lack of legal knowledge justify equitable tolling. *See Fisher*, 174 F.3d at 714. Thus, Givens' § 2255 motion is denied as untimely.

Also, as a result of the Court finding that the motion is untimely, there is no need to address the other issues presented by Givens. However, the Court finds, without the

necessity of giving written reasons, that the other arguments made by Givens have no merit for the reasons asserted by the Government in its opposition. (Rec. Doc. 219, p. 8-20, Government's Opposition). Further, but for the very compelling arguments made by Givens' counsel Williams, the Court would not have imposed a sentence below the guideline range.

Accordingly;

**IT IS ORDERED** that the **Motion to Vacate Sentence (Rec. Doc. 214)** pursuant to 28 U.S.C. § 2255 filed by the Defendant Louella Givens is **DENIED**.

August 11, 2020

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE