UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 16-110 |
| LOUELLA GIVENS | SECTION: "A" |

**ORDER AND REASONS**

Before the Court is the Movant Louella Given's **Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside or correct Sentence by a Person in Federal Custody** (Rec. Doc. 214). The motion was filed on January 11, 2020, previously addressed by this court in August of 2020, then vacated later that month so that the movant could file a response to the **Government's Response in Opposition to the Defendant's Motion To Vacate, Set Aside or correct Sentence Under 28 U.S.C. § 2255** (Rec. Doc. #219). The Movant was granted an extension to respond within 30 days from the end of the proposed Phase 3 Re-entry COVID restrictions. The movant filed her **Response to the Prosecution's Opposition to Movant Louella Givens' Motion to Vacate, Correct or Set Aside her Sentence under 28 U.S.C. § 2255** on May 29, 2029 (Rec. Doc. #231). For the reasons that follow, the Motion to Vacate under 28 U.S.C. 2255 (Rec. Doc. 214) is **DENIED**.

On June 16, 2015, the Movant was charged via a criminal complaint with: (1) conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349, (2) health care fraud in violation of 18 U.S.C. § 1347, and (3) violating the Anti-Kickback Statute in violation of 42 U.S.C. § 1320a-7b. (Rec. Doc. 1, p.1, Criminal Complaint). Givens subsequently pled guilty on August 16, 2017 to count two of the Complaint, (Rec. Doc. 107, Plea Agreement). At her sentencing, the Court granted the Defendant's request for a

downward variance and sentenced her to a term of imprisonment of 18 months, despite the defendant's appropriate sentencing guideline range of 46 to 57 months. (Rec. Doc. 141, Judgment).

Givens initially attempted to file her § 2255 motion on December 10, 2018, however she sent it to the Fifth Circuit Court of Appeals. The Clerk of Court for the Fifth Circuit Court of Appeals informed the Movant that § 2255 motions were only accepted by that court in "rare exceptions not relevant to your case." (Rec. Doc. 214, p. 21-22, Givens' Letter). The Clerk of Court further explained that the Movant's motion needed to be filed in the district court that issued the final judgment in her case. Id. The Movant did not file her motion with this Court until one year later on January 22, 2020. The Movant has served her term of imprisonment and has concluded her term of supervised release.

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the court that imposed her sentence to vacate, set aside, or correct the sentence. "Section 2255 provides the primary means of collateral attack on a federal sentence [and] [r]elief under this section is warranted for any error that 'occurred at or prior to sentencing.'" *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990) (quoting *United States v. Flores*, 616 F.2d 840, 842 (5th Cir.1980)). Section 2255(f) provides that a one-year statute of limitations applies to § 2255 motions. The limitations period runs from the latest of—

(1)     the date on which the judgment of conviction became final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As to subsection 1, if the petitioner did not file an effective notice of appeal, her conviction becomes final upon the expiration of the period for filing a notice of direct appeal. *United States v. Plascencia*, 537 F.3d 385 (5th Cir.2008). Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure provides that a movant in a criminal case must file a notice of appeal within 14 days after the later of the entry of either the judgment or order being appealed or the government's notice of appeal.

The Movant's motion is untimely.  The motion was filed in 2020, which is long after the one-year statute of limitations.  Further, the Movant is not entitled to equitable tolling. A movant under § 2255 is "entitled to equitable tolling only if [s]he shows (1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstances stood in [her] way and prevented timely filing." *United States v. Jackson*, 470 Fed. Appx. 324 (5th Cir. 2012) (citations and quotations omitted). This standard requires "reasonable diligence, not maximum feasible diligence." Id. (citations and quotations omitted). "Equitable tolling is permissible only in rare exceptional circumstances," and is not extended "to instances of excusable neglect." Id. (citations and quotations omitted). "[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

Putting aside the untimeliness of the Movant's motion, the Court finds that the

motion lacks merit on the substance. The Court agrees with the reasons stated in the Government's memorandum. The Movant waived her right to contest her sentence in the post-conviction proceeding as part of her plea agreement and the Court sees no credible evidence that the Movant's Counsel was ineffective. Furthermore, the Movant has served her prison sentence and supervised release. The Movant's motion is DENIED.

Accordingly,

**IT IS ORDERED** that the **Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside or correct Sentence by a Person in Federal Custody** (Rec. Doc. 214) is **DENIED.**

New Orleans, Louisiana, September 6, 2023.

_____
Judge Jay C. Zainey
United States District Judge